Smith, J.
The errors assigned are'first, that the court of common pleas erred in overruling the motion of the defendant below, to strike from the files the transcript and other papers filed therewith, based on the ground that such court had no jurisdiction of the ease ; and second, that it erred in overruling the motion to set aside the verdict rendered against the defendant at the October term, 1888, and to grant him a new trial; and third, in sustaining the challenge for cause by the plaintiff below, to two of the struck jurors called for the trial of the case; and fourth, in overruling the motion of the defendant, filed Oct. 27, 1890, before the entering of judgment on the verdict, to stay further proceedings in said cause, and to discharge him from further answer to said complaint.
As to the first of these assignments, we are of the opinion that there was no error in the proceedings of the court in the matter complained of. The action of the mayor was in strict conformity with the provisions of sec. 1827, Rev. Stat., and in such case, when it reached the court of common pleas, it had complete jurisdiction thereof by the terms of the statute. The fact that one trial had been had before the mayor and a jury, before the case was transferred, and that when the jury could not agree it was discharged, does not render the statute inoperative. The case again stood for hearing, and what took place on the first trial, may have led the mayor to form the opinion that the public interest would be promoted by refusing another trial in his court, and that he should simply inquire into the truth of the complaint against the defendant, and if he was found guilty, to recognize him to appear before the court of common pleas, all of which was done, as clearly appears from the record.-
Second — All of the other questions in the case are attempted to be raised on a bill of exceptions, which we find with the papers presented to us, which is marked filed as of Oct. 27, 1890, The transcript, of the journal entries of the court does not show that any bill of exceptions was ever signed or allowed *580 by the trial judge. This is absolutely necessary to its validity, but as this omission, if it be one, can still be.corrected by the court if the bill was in fact allowed, (of which we have no doubt), we consider the case as if the fact of its allowance was ■duly shown, on the supposition that it will yet be made to appear.
So far, however, as concerns the question whether the court erred in sustaining the challenge to the two jurors, it is manifest that it cannot be considered by us. The trial of the defendant was had at the October term, 1888, and a verdict of guilty then rendered. The ruling as to the jurors was at that term. A motion for a new trial was duly made, but was continued from term to term until October 20, 1890, when it was overruled, and judgment entered upon the verdict. It has been a settled rule in this state for many years, that any exception taken to the ruling of a court during the trial of a case, to be of any avail, must be brought into the record by a bill of exceptions taken at the trial term, and not afterwards. And it is also clear that under the statutes in force when this prosecution was commenced (July 3, 1888), and when the trial was had, (viz: secs. 5298, 5301, and 5302, as they appear in Smith & Benedict’s Rev. Stat. pages 1543-4), and which governed this case, a bill of exceptions taken to the overruling of a motion for a new trial, should have been taken within thirty days after the expiration of the term at which the verdict was rendered. The bill of exceptions in this case was not taken for more than eighteen months after the close of such term. So far, then, as the attempt to raise any question decided at the trial of the case, or the question whether a new trial should have been granted, is concerned, the bill of exceptions is a nullity.
See Tate v. Cogan, 1st C. C. Rep. 108; 46 Ohio St. 524; and 47 Ohio St. 110.
Third — After the filing of the motion for a new trial, no action was had in the case, except the forfeiture of defendant’s *581 recognizance, until October 1890, when a motion in arrest of judgment and for the discharge of the defendant from further prosecution on thevcomplaint was filed by him. This motion, and the one for a new trial, were overruled by the court on October 20, 1890, and this bill of exceptions of October 27, 1890, then signed. In addition to the other questions sought to be made therein, it appears that on the hearing of this motion in arrest of judgment, it was shown, and so found by the court, that the ordinance of the village of Lebanon, for the violation of which the defendant had been prosecuted and convicted by the verdict of a jury, had, after the rendition of such verdict, been duly and legally repealed, without any provision saving pending prosecutions.
The question whether, under these circumstances, this motion in arrest of judgment should have been granted, we think is properly raised. The ordinance on which the defendant was convicted, was repealed after the trial and verdict, but befo re judgment. W hether it could after this be legally entered, was a question properly made by the motion -which was filed. Evidence was offered in support of the allegations of the motion, and the court found them to be true. This hearing was at the October term, 1890, and the bill of exceptions was taken at the same term, and the provision of the statute, that bills of exception are to be taken within thirty days after the expiration of the term at which the verdict was rendered, can not apply to orders of the court (other than overruling a motion for a new trial), made after the expiration of such term. The case before us is analogous to one where a motion is made to set aside or confirm a sale, and to review the judgment on which a bill of exceptions may be taken at the term at which such motion is disposed of, though long after the trial term.
Should the motion in arrest of judgment have been granted by the court? It seems clear that the law is, that where a person has been prosecuted under the provisions of a criminal statute, and found guilty, aiid such law has been repealed be *582 fore the entry of judgment on the verdict without any saving clause as to pending prosecutions, either in the repealing act itself, or in a general statute, that the effect of such repeal is to put an end to such prosecution, to prevent the rendition of judgment on the verdict, and to entitle the defendant to his discharge. This is the law of this country and of England. See Calkins v. The State, 14 Ohio St. 422, and cases there cited. So far as the criminal statutes of the state are concerned, there has been since February 19, 1866, sucha saving clause. S. & S. 1, and sec. 79, Rev. Stat.
But manifestly sec. 79, now in force, was only intended to provide as to what should be the effect of a repeal or amendment of a law of the state. It appears in chapter 5, under the head of “ Operation of Statutes ” and from the language of the section itself, and the provisions of the other sections of the chapter it is apparent that it could not have been intended by the legislature to make it applicable to the ordinances of village or city councils. Such provisions as the legislature saw proper to make as to the adoption of ordinances by the legistive authority of municipal corporations, and their character and effect, are contained and set forth in the title devoted to-municipal corporations, and the legislature nowhere provides that the repeal or amendment of - ordinances shall not affect pending prosecutions founded thereon. And in this case the village of Lebanon having instituted, in its own name, a prosecution against Earnhart, and obtained a verdict against him, the council of the village, the legislative authority thereof, voluntarily, and we presume with full knowledge of the status of this case, repealed the ordinance without any saving clause, and thus swept away the whole foundation of the prosecution, amd as effectually put an end to it, as if it had dismissed the same.
For this reason we feel constrained to reverse the judgment of the court of common pleas, with costs, if it be made to appear by the transcript of journal entries that the bill of excep *583 tions on file, was in fact allowed by tbe court. If this is not shown, the judgment will be affirmed, as the error complained of appears only on such bill of exceptions.
Milton Clark, attorney for plaintiff in error.
A. G. McBurney and John E. Smith, attorneys for defendant in error.